|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |

| | |
|---|---|
| Nouansavanh Rasavong, | Case No.: 2:16-cv-01121-JAD-EJY |
| Plaintiff | |
| | **Order Dismissing and Closing Case** |
| v. | |
| J. Ruiz, et al., | |
| Defendants | |

Pro se plaintiff Nouansavanh Rasavong brought this action against employees at the High Desert State Prison to redress civil-rights violations he claims he suffered while serving time there. After screening, claims remained against two defendants: J. Ruiz and D. Joseph.[1] On January 15, 2020, Rasavong's claims against D. Joseph were dismissed under FRCP 4(m) for failure to serve, and the court gave Rasavong until February 14, 2020, to show cause why the remaining claim should not be dismissed for want of prosecution.[2] That deadline has passed without response.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to dismiss an action

---

[1] ECF Nos. 24, 29.

[2] ECF No. 55.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–

on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing the remainder of this case. Local Rule 41-1 states that "All civil actions that have been pending in this court for more than 270 days without ay proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte,"[6] and the last party filings in this case occurred more than a year ago in November and December 2018. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[8] and that warning was given here.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. Because plaintiff has not

---

41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] L.R. 41-1.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No. 22.

shown cause for his failure to prosecute this action, I dismiss this case without prejudice for want of prosecution.

**Conclusion**

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice for want of prosecution. The Clerk of Court is directed to CLOSE THIS CASE.

Dated: February 18, 2020

_____
U.S. District Judge Jennifer A. Dorsey